IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSEE SCOTT CANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2217-KHV |
| JOHNSON COUNTY KANSAS ) | |
| SHERIFF FRANK DENNING, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Jessee Cano brings suit against Johnson County Sheriff Frank Denning and Correct Care Solutions, LLC ("CCS") for violation of his Eighth Amendment rights under 42 U.S.C. § 1983 (Counts I and V), negligence per se (Counts II and VI), negligent supervision (Counts III and VII), and negligent training (Counts IV and VIII). Plaintiff also alleges "negligence pursuant to 1983" against the Board of Commissioners of Johnson County, Kansas in their official and individual capacities (Count IX). Each count arises from plaintiff's confinement in the Johnson County Jail and Residential Center in April and May of 2009. Plaintiff alleges that he repeatedly requested but did not receive HIV medication and that as a result he developed full-blown AIDS.

This matter is before the Court on three motions. The first is the Joint Motion To Dismiss (Doc. #5) which Sheriff Denning and the Johnson County Board of Commissioners (the "County Defendants") filed June 22, 2012. The County Defendants move to dismiss plaintiff's state law claims for lack of subject matter jurisdiction because plaintiff failed to submit a mandatory notice of claim. The County Defendants also assert that plaintiff has failed to state a claim under Section 1983. In the second motion, CCS moves to dismiss plaintiff's Section 1983 claim for failure to state a claim and his state law claims for lack of subject matter jurisdiction. Correct Care Solution's

Motion To Dismiss (Doc. #3) filed June 22, 2012. The third motion before the Court is plaintiff's Motion For Leave To Amend (Doc. #8) filed July 16, 2012. Plaintiff seeks leave to amend the complaint to remove his claim for negligence per se against Sheriff Denning and to allege that the Court has diversity jurisdiction over his other state law claims.

## **Legal Standards**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when he pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court

to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

Leave to amend is a matter committed to the sound discretion of the district court. See Parker v. Champion, 148 F.3d 1291, 1222 (10th Cir. 1998). Rule 15(a)(2), Fed. R. Civ. P., provides that the court should "freely give leave when justice so requires." A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment. Wilkerson v. Shinseki, 606 F.3d 1256, 1267 (10th Cir. 2010). A proposed amendment is futile if the amended complaint would be subject to dismissal. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007).

**Factual Background**

Frank Denning is the Sheriff of Johnson County, Kansas. He is responsible for ensuring that jail supervisors enforce jail policies and that individuals in the custody of the Sheriff's Department receive adequate medical care and medications. The Johnson County Board of Commissioners and its individual members are responsible for administration and oversight of the Johnson County Jail and the Johnson County Residential Center ("the Residential Center"). Members of the Board include Ed Eilert, C. Edward Peterson, Jim Allen, David A. Lindstrom, Jason Osterhaus, Michael Ashcraft and Calvin Hayden. Johnson County has contracted with CCS to provide healthcare for both facilities.

On or about April 17, 2010, the District Court of Johnson County, Kansas placed plaintiff in

the custody of the Johnson County Sheriff's Department for an alleged violation of probation.[1] Plaintiff spent two weeks in the Johnson County jail and then two weeks in the Residential Center. During in-take procedures at both facilities, plaintiff told the staff that he was HIV positive. CCS staff also knew of plaintiff's HIV status.[2] At unspecified times while he was in the jail and Residential Center, plaintiff repeatedly asked unnamed staff for prescription medications, offering to have a family member bring the medications and written prescriptions.[3] Jail staff and CCS employees, however, repeatedly denied plaintiff the medicine he required to manage his HIV condition. Further, staff at the Residential Center offered plaintiff medications or multi-vitamins which his doctor had not prescribed, and these medications might have worsened his condition.

On or about May 16, 2012, plaintiff was released from the Residential Center. He resumed his usual regimen of medications, but less than one month after his release, he began to suffer life-threatening medical emergencies. Plaintiff's T-Cell count indicated that his HIV was no longer managed, and his physician diagnosed him with AIDS.

Plaintiff filed this lawsuit, asserting that he has developed AIDS and has endured numerous related illnesses, pain and suffering as a direct result of the refusal of staff at the jail, the Residential Center and CCS to provide his prescription HIV medication.

Plaintiff also alleges that Sheriff Denning violated his Eighth Amendment right to be free from cruel and unusual punishment "by substantially contributing to the failure to provide plaintiff

---

[1] The District Court had placed plaintiff on probation for drafting bad checks.

[2] The record does not indicate how the CCS staff knew about plaintiff's HIV status.

[3] At some point before 2009, physicians had diagnosed plaintiff with Human-Immunodeficiency Virus (HIV). Plaintiff managed his condition by carefully taking precise prescription medications.

with adequate medical care in that [Denning's] policy of negligent or lackadaisical supervision within the Johnson County Jail significantly contributed to the complete failure of anyone in the Jail or anyone privately contracted by the jail to provide those medical services to provide Plaintiff with the medications he needed." Doc. #8-1 at 7. He further alleges that Denning's "recklessly negligent and lackadaisical environment within the Johnson County Jail amounts to a policy or practice of intentional indifference among the prison staff which resulted in jail staff or medical staff completely failing to take remedial action when prison staff is notified of specific or special medical conditions, and such policy or practice substantially contributed to the violation of the Plaintiff's constitutional right to be free from cruel and unusual punishment."

Plaintiff brings claims against CCS and Sheriff Denning for violation of his Eighth Amendment rights under 42 U.S.C. § 1983 (Counts I and V), negligence per se (Counts II and VI), negligent supervision (Counts III and VII) and negligent training (Counts IV and VIII). Plaintiff also alleges "negligence pursuant to 1983" against the Commissioners in their official and individual capacities (Count IX).

The original complaint asserts that this Court has jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). The proposed amended complaint alleges that plaintiff is a Missouri resident, that defendants are residents of Kansas and that plaintiff seeks more than $75,000 in damages. The proposed amended complaint thus alleges that the Court has diversity jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

## Analysis

**I. Motion To Dismiss Of Correct Care Solutions**

    A.    <u>Violation of Eighth Amendment Right Under Section 1983 (Count V)</u>

CCS first asserts that Count V fails to state a claim under 42 U.S.C. § 1983 because it does

-5-

not allege a corporate custom or policy that is causally linked to an alleged constitutional injury. Specifically, CCS notes that it cannot be liable under a theory of respondeat superior and argues that the complaint fails to allege an unconstitutional policy or custom.

Section 1983 provides a cause of action against state actors for violation of a plaintiff' federal rights.[4] Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). Here, plaintiff seeks to allege that defendants were deliberately indifferent to his serious illness and thus violated his Eighth Amendment protection against "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103-105 (1976) (deliberate indifference to serious medical need of prisoner violates Eighth Amendment proscription against cruel and unusual punishment). To set forth a cognizable Eighth Amendment claim under Section 1983, plaintiff must allege (1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. Id. at 104; Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009) (inadvertent failure to provide adequate medical care not constitutional violation). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05.

---

[4] Section 1983 provides in part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The deliberate indifference test has an objective and a subjective component. Under the objective component, the harm suffered must be "sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause of the Eighth Amendment." Martinez, 563 F.3d at 1088. (internal quotation marks omitted); see Mata v. Saiz, 427 F.3d 745, 753 (10th Cir. 2005) (seriousness of harm not measured solely by symptoms presented at time prison employee has contact with prisoner). The subjective component of the deliberate indifference test requires plaintiff to show that defendants knew plaintiff faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it. Martinez, 563 F.3d at 1089. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (quoting Farmer, 511 U.S. at 837).

Where a plaintiff seeks to hold a corporation liable, as here, he must allege a policy or custom that demonstrates deliberate indifference. Miller v. Corr. Med. Sys., Inc., 802 F.Supp. 1126, 1132 (D. Del. 1992). Thus, to set forth a Section 1983 claim that CCS is directly liable for a constitutional violation, plaintiff must assert that CCS had a relevant policy or custom, and that the policy or custom caused the constitutional violation that plaintiff alleges. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (under Section 1983, corporation that contracts with state not liable for acts of its employees and agents under theories of respondeat superior or vicarious liability).

The complaint alleges that CCS contracts with Johnson County to provide healthcare for inmates of the Johnson County jail. It also alleges that plaintiff had HIV, that CCS was aware of his medical condition and that CCS staff denied him prescribed medication. Although the complaint asserts that CCS has policymaking authority for the Johnson County jail, it does not allege that CCS

has a policy or custom of denying or delaying medical treatment to inmates with HIV or other chronic conditions. Plaintiff has not identified any policy or custom of CCS which violated his Eighth Amendment rights. See Livingston v. Correct Care Solutions, No. 07-3256-SAC, 2008 WL 1808340, at *1-2 (D. Kan. Apr. 17, 2008). For this reason, the Court finds that plaintiff's Section 1983 claim against CCS should be dismissed.

### B. Negligence Per Se (Count VI)

CCS notes that although Count VI of the complaint is titled "Count VI Negligence Per Se Plaintiff v. Correct Care Solutions, LLC," Count VI contains allegations only against Sheriff Denning. See Doc. #1 at 13-14. In response, plaintiff has filed a motion to amend the complaint. Doc. #8. Count VI of the proposed amended complaint asserts under Kansas law that CCS negligently violated the written policy of the Johnson County Jail which mandates that CCS provide medical care that meets health care standards set out by the National Commission On Correctional Health Care. See Plaintiff's [Proposed] First Amended Petition (Doc. #8-1) at 13-14.

CCS replies that if the Court dismisses the Section 1983 claim against it, the Court has no jurisdiction over any remaining state law claims. To the contrary, the Court could exercise its discretion to assert supplemental jurisdiction under 28 U.S.C. § 1367(a). Further, the proposed amended complaint asserts that plaintiff is a citizen of Missouri, that all defendants are citizens of Kansas and that plaintiff suffered damages in excess of $75,000. The Court sustains plaintiff's motion to amend the complaint, and finds that plaintiff has alleged diversity jurisdiction under 28 U.S.C. § 1332(a). The Court therefore overrules CCS's motion to dismiss Count VI.

## II. Motion To Dismiss Of County Defendants

### A. Eighth Amendment Violation Under Section 1983 Against The County Defendants (Counts I, IX)

1.     Official Capacity Claims

The County Defendants assert that the complaint fails to state an official capacity claim against them because it does not allege an underlying constitutional violation by County employees and therefore it does not set out a claim for failure to train or supervise.

A claim against a state actor in his official capacity "is essentially another way of pleading an action against the county or municipality" and is considered under the standard applicable to Section 1983 claims against municipalities or counties. Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010). In the case of a municipal entity, the "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 482–83 (1986) (municipal entity may be held liable for act it has officially sanctioned, or for actions of official with final policymaking authority); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 127-28 (1988). Thus, to attach liability under Section 1983 to the County or its policymakers, plaintiff must identify a "policy" or "custom" that caused his injury. See Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403-04 (1997). Identifying a policy ensures that a municipality is liable only for deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Id.

A municipal policy or custom may exist in one of several forms. It may be (1) a formal regulation or policy statement; (2) an informal custom created through a widespread practice that is so permanent that it constitutes a custom or usage with the force of law; (3) decisions by employees who have final policymaking authority; (4) ratification by such policymakers of decisions of subordinates to whom policymakers delegated authority, subject to review and approval; or (5) failure to adequately train or supervise employees, if the failure "results from deliberate indifference

to the injuries that may be caused." Bryson v. City of Okla. City, 627 F.3d 784, 788 (10th Cir. 2010); see Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010) (supervisory liability attaches to defendant-supervisor who creates, promulgates or implements policy which subjects or causes plaintiff to be subjected to deprivation of constitutional rights), cert. denied, 131 S. Ct. 2150 (2011). Citing a policy or custom, plaintiff must demonstrate that through its deliberate conduct, the municipality or policymaker was the "moving force" behind the injury alleged. See Brown, 520 U.S. at 404 (plaintiff must show that action was taken with requisite degree of culpability and must demonstrate direct causal link between municipal action and deprivation of federal rights).

If plaintiff asserts that the alleged custom or policy comprised a *failure* to act, he must demonstrate that the inaction resulted from "deliberate indifference" to his rights. City of Canton v. Harris, 489 U.S. 378, 389 (1989).[5] Thus, to impose Section 1983 liability for failing to act to preserve a constitutional right, plaintiff must allege that (1) he was deprived of a constitutional right; (2) defendant had a policy or custom; (3) the policy or custom constituted deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom caused the constitutional deprivation. Hinton v. City of Elwood, 997 F.2d 774, 782 (10th Cir. 1993).

Here, plaintiff alleges that Sheriff Denning and the County Commissioners had a policy of "negligent or lackadaisical supervision" within the Johnson County jail and that this policy contributed to the failure of jail staff and CCS staff to provide plaintiff HIV medications. The complaint appears to allege that the Commissioners and Sheriff Denning knew or should have known that unnamed staff failed to properly perform their duties and that the staff needed additional

---

[5] If the inaction theory rests on an alleged failure to train, plaintiff must allege that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need" for additional training." Harris, 489 U.S. at 390. Here, plaintiff does not allege a Section 1983 claim based on failure to train, although he does allege a state law claim for negligent failure to train.

supervision. The complaint and proposed amended complaint do not allege widespread healthcare deficiencies in the jail. The pleadings also do not allege that the Sheriff or Commissioners knew of the healthcare concerns of plaintiff or other inmates.

To survive the motion to dismiss, plaintiff must allege sufficient facts for this Court to reasonably infer that Sheriff Denning and/or the County Commissioners implemented or executed policies or customs that led directly to violation of plaintiff's Eighth Amendment protection against cruel and unusual punishment, and that such policies or customs have a direct causal relationship to plaintiff's alleged injuries. Olmo-Artau v. Farr, No. 11-2148, 2011 WL 6150645, at *2 (D. Kan. Dec. 12, 2011). Although the complaint alleges that unnamed staff of the jail and Residential Center were aware of plaintiff's HIV status and failed to provide needed medications, it does not allege that they did so because of an official custom or practice, administered and endorsed by Sheriff Denning or the Commissioners, or because of defendants' failure to train and/or supervise officers. At most, plaintiff asserts facts that may support a claim of negligence, which is not sufficient to set out a Section 1983 claim for a violation of Eighth Amendment rights. The Court therefore finds that plaintiff's Section 1983 official capacity claims against Sheriff Denning and the County Commissioners should be dismissed. The Court will grant plaintiff leave to file an amended complaint if he can identify a specific unconstitutional policy or custom that resulted in deprivation of his constitutional rights. See Cox v. Glanz, No. 11-CVE-0457-CVE-FHM, 2011 WL 4824383, at *6 (N. D. Okla Oct. 6, 2011).

### 2. Individual Capacity Claims Against Sheriff Denning And The County Commissioners

Sheriff Denning and the County Commissioners also assert that the Court must dismiss the individual capacity claims because plaintiff has failed to allege their personal involvement or facts which show deliberate indifference.

supervision. The complaint and proposed amended complaint do not allege widespread healthcare deficiencies in the jail. The pleadings also do not allege that the Sheriff or Commissioners knew of the healthcare concerns of plaintiff or other inmates.

To survive the motion to dismiss, plaintiff must allege sufficient facts for this Court to reasonably infer that Sheriff Denning and/or the County Commissioners implemented or executed policies or customs that led directly to violation of plaintiff's Eighth Amendment protection against cruel and unusual punishment, and that such policies or customs have a direct causal relationship to plaintiff's alleged injuries. Olmo-Artau v. Farr, No. 11-2148, 2011 WL 6150645, at *2 (D. Kan. Dec. 12, 2011). Although the complaint alleges that unnamed staff of the jail and Residential Center were aware of plaintiff's HIV status and failed to provide needed medications, it does not allege that they did so because of an official custom or practice, administered and endorsed by Sheriff Denning or the Commissioners, or because of defendants' failure to train and/or supervise officers. At most, plaintiff asserts facts that may support a claim of negligence, which is not sufficient to set out a Section 1983 claim for a violation of Eighth Amendment rights. The Court therefore finds that plaintiff's Section 1983 official capacity claims against Sheriff Denning and the County Commissioners should be dismissed. The Court will grant plaintiff leave to file an amended complaint if he can identify a specific unconstitutional policy or custom that resulted in deprivation of his constitutional rights. See Cox v. Glanz, No. 11-CVE-0457-CVE-FHM, 2011 WL 4824383, at *6 (N. D. Okla Oct. 6, 2011).

### 2. Individual Capacity Claims Against Sheriff Denning And The County Commissioners

Sheriff Denning and the County Commissioners also assert that the Court must dismiss the individual capacity claims because plaintiff has failed to allege their personal involvement or facts which show deliberate indifference.

Under Section 1983, a defendant sued in an individual capacity may be subject to personal liability and/or supervisory liability. Personal liability under Section 1983 must be based on personal involvement in the alleged constitutional violation. Brown v. Montoya, 662 F.3d 1152, 1163 (10th Cir. 2011) (in Section 1983 action, complaint must make clear "exactly *who* is alleged to have done *what* to *whom*"). Here, the complaint does not allege that Sheriff Denning or the Commissioners were personally involved in any alleged constitutional violation. Rather, plaintiff alleges that Sheriff Denning and the Commissioners provided "negligent or lackadaisical supervision" which contributed to the failure of jail and Residential Center staff to provide him HIV medication.

Section 1983 does not provide a cause of action for strict liability for supervisory personnel. Fogarty v. Gallegos 523 F.3d 1147, 1162 (10th Cir. 2008). To establish supervisory liability, plaintiffs must establish that (1) defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy, (2) the policy caused the alleged constitutional harm and (3) defendant acted with the state of mind required to establish the alleged constitutional deprivation. Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010).

As noted, plaintiff alleges that Sheriff Denning and the County Commissioners were responsible for creating county policy regarding jail operations. Plaintiff does not, however, allege any *specific* policy which caused an alleged underlying constitutional violation, and indeed does not allege an underlying constitutional violation by jail staff. See Fogarty, 523 F.3d at 1162 (supervisory liability requires constitutional deprivation linked to supervisor's personal participation); see also Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs, 374 Fed. Appx. 821, 827 (10th Cir. 2010) (absent underlying constitutional violation, sheriff and county commissioners not derivatively liable); Martinez, 563 F.3d at 1091-92 (where individual county defendants did not violate inmate's constitutional rights, sheriff not liable for policy, training or supervision). The Court understands that plaintiff's counsel may have limited evidence before pretrial discovery, but Section 1983 does

-12-

not have a reduced pleading standard. The complaint does not contain specific factual allegations concerning the alleged failure to provide medication to plaintiff. The Court therefore finds that the individual capacity claims against Sheriff Denning and the County Commissioners should be dismissed. The Court will allow plaintiff to file an amended complaint re-alleging this claim, if and when he has sufficient facts to do so.[6]

        B.        State Law Claims Against the County Defendants

The County Defendants assert that the Court must dismiss plaintiff's state law claims against them because he did not submit a timely notice of claim as required by Kan. Stat. Ann. § 12-105b(d), which provides that "[a]ny person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice . . . before commencing such action." K. S.A. § 12-105b(d). This notice requirement is a condition precedent to suit against a municipality. Tucking v. Bd. of Comm'rs of Jefferson Cnty., 14 Kan. App.2d 442, 445, 796 P.2d 1055, 1057 (1990). Plaintiff has not responded to this argument, and the Court therefore finds that plaintiff concedes that he did not timely file a notice of claim under Section 12-105(b)(d). His

---

[6] In the alternative, Sheriff Denning and the County Commissioners in their individual capacities assert that they are entitled to qualified immunity. Qualified immunity protects public officials from liability if their actions were objectively reasonable, as evaluated in the context of legal rules that were "clearly established" at the time. See Robbins, 519 F.3d at 1249 (to avoid dismissal based on qualified immunity, plaintiffs must allege facts sufficient to show that defendants plausibly violated constitutional rights that were clearly established at the time). When determining whether a constitutional right was clearly established, the right must have been "sufficiently clear" that a reasonable official would have understood that what he did was a violation of that right. See Anderson v. Creighton, 483 U.S. 635, 640 (1987)

Defendants argue that the failure to provide plaintiff's preferred HIV medication is a mere disagreement with medical care that did not violate clearly established law. See Sanifer v. Green, 126 Fed. Appx. 908, 911 (10th Cir. 2005) (prisoner who disagrees with diagnosis or prescribed course of treatment does not state constitutional violation). Because the Court finds that the motion to dismiss should be sustained, however, it does not reach the question of qualified immunity.

negligence claims against the County Defendants are therefore barred.[7]

**IT IS THEREFORE ORDERED** that the Joint Motion To Dismiss (Doc. #5) which Sheriff Denning and the Johnson County Board of Commissioners (the "County Defendants") filed June 22, 2012 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Motion To Dismiss (Doc. #3) which CCS filed June 22, 2012 be and hereby is **SUSTAINED** as to plaintiff's claim under Section 1983, and **OVERRULED** as to plaintiff's state law claim of negligence (Count VI).

**IT IS FURTHER ORDERED** that plaintiff's Motion For Leave To Amend (Doc. #8) filed July 16, 2012 be and hereby is **SUSTAINED**.

Dated this 25th day of January, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[7] For purposes of the notice requirement, claims against a municipality include claims against municipal employees or officials acting in the scope of their employment. King v. Pimentel, 20 Kan. App.2d 579, 589 (1995). To determine if an employee acts within the scope of her employment, the Court considers whether (1) the act was done for the employee's personal benefit or in furtherance of state business; (2) the employee had express or implied authority to perform the act; and (3) the state could reasonably foresee the act. See Meyer v. Nava, 518 F. Supp.2d 1279, 1290 (D. Kan. 2007). In other words, municipal liability turns on "whether the employee, when [he] did the wrong, was acting in the prosecution of the [entity's] business and within the scope of [his] authority, or had stepped aside from that business and done an individual wrong." Commerce Bank of St. Joseph, N.A. v. State, 251 Kan. 207, 215, 833 P.2d 996, 1001 (1992). Here, the amended complaint alleges that the County Defendants were acting in their capacities as commissioners or sheriff when they negligently supervised jail staff.